UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA LINTZ,

            Plaintiff,                        Case number 07-11357

v.                                             Honorable Julian Abele Cook, Jr.

CREDIT ADJUSTMENTS, INC., MEYER & NJUS,
P.A., and DEBT RELIEF SPECIALISTS, LLC,

            Defendants.

ORDER

On March 28, 2007, the Plaintiff, Donna Lintz, filed a complaint with this Court, seeking to obtain damages from the Defendants, Credit Adjustments, Inc. ("Credit Adjustments"), the law firm of Meyer & Njus, P.A. ("Meyer & Njus"), and Debt Relief Specialists, LLC, for their alleged unlawful debt collection practices against her. On August 16, 2007, one of the Defendants, Meyer & Njus, filed a motion under Fed. R. Civ. P. 12(b)(6),[1] in an effort to secure the dismissal of counts III and IV of the complaint on the basis of the *res judicata* doctrine.

For the reasons that have been set forth below, the Court will, and does, grant the motion by the Defendants, Meyer & Njus, to dismiss counts III and IV of the complaint.

I.

On June 23, 2006, Credit Adjustments, while acting as the plaintiff in a state court (i.e., District Court 41B in Clinton Township, Michigan) lawsuit, sued Donna Lintz in an effort to collect monies (to wit, $5,675.36) that were allegedly due and owing on a credit account. During

---

[1] Fed. R. Civ. P. 12(b)(6) states, in pertinent part, the following: "[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted."

the following month (July 13, 2006), Lintz filed a motion to dismiss, contending that Credit Adjustments did not have any standing to sue her. On the same date, she also filed a counter-complaint against Credit Adjustments, pointing to its alleged violations of the Michigan Occupational Code and the Michigan Debt Collection Practices Act. Her motion was granted and, thereafter, the state court dismissed Credit Adjustments' lawsuit with prejudice. On December 7, 2006, these two parties reached an accord, in which they jointly agreed to a (1) stipulated dismissal of their lawsuit, (2) dismissal of her counter-complaint, (3) waiver by Credit Adjustments of its right to appeal the adverse decision by the state court, and (4) payment of Lintz's costs.

II.

In the case before this Court, Lintz submits that the Defendants initiated the state court case against her with full knowledge that she was not the actual debtor on the claimed overdue account. She also claims that the Defendants, in their effort to collect this debt, violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, when they (1) failed to comply with the minimum notice provisions within the "Validation of Debts" section of 18 U.S.C. §1692g, (2) made a "false representation of . . . the character, amount, or legal status of [the] debt," as mandated by 15 U.S.C. §1692e(2), (3) were dishonest by using "false representation[s] or deceptive means to collect or attempt to collect [the] debt or to obtain information concerning [her]," contrary to 15 U.S.C. § 1692e(10), and (4) adopted a method of collecting the debt which was "unfair or unconscionable" and lacked an "express[] [contractual] authorization," in violation of 15 U.S.C. § 1692f.

In her complaint, Lintz also points to Mich. Comp. Laws § 339.901(b) which, in her opinion, demonstrates that all of the Defendants, including Meyer & Njus, acted as a "collection

agency" by their collective acts of fraud and misrepresentation.[2]

The moving party, Meyer & Njus, a Southfield, Michigan law firm, acknowledges that it participated in the original complaint, but denies Lintz's allegations of fraud against her. Moreover, this movant asserts that Lintz's allegations of wrongdoing have been resolved, noting that she and Credit Adjustments had amicably settled their differences in December of 2006. Meyer & Njus also maintains that it had only acted as an agent of Credit Adjustments and, therefore, warrants the same level of protection as its principal under the *res judicata* doctrine.

III.

When evaluating a litigant's motion to dismiss, a court is obliged to (1) construe the complaint in the light that is most favorable to the non-moving party, (2) accept its factual allegations as true, and (3) seek to determine if the opposition party has set forth a sufficiency of facts to support the material allegations in the complaint. *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 443 (6th Cir. 2007). In order to survive a motion to dismiss, a claim "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* at 444.

The viability of Lintz's motion rests on the preclusive effect, if any, of the state court case in which she was a litigant. Federal courts must give the same preclusive effect to state court judgments that they would have in a state court environment. *Migra v. Warren City Sch. Bd. of Ed.*

---

[2] In making this argument, Lintz relies upon a clause within her state court counter-claim wherein she "reserve[d] her right to file a claim in federal court for violations of federal law arising out of the transactions and occurrences set forth herein." According to Lintz, this statement preserved her right to make a claim of the violation of a federal law in a federal court even though she and Credit Adjustments had reached an agreement in which they stipulated to the dismissal of her counter-claims with prejudice.

*et al.*, 465 U.S. 75, 80–81 (1984). Under Michigan law, the doctrine of *res judicata* bars the litigation of a claim in a subsequent action if (1) the first action was decided on the merits; (2) the issues in the second case were resolved, or could have been resolved, in the first case; and (3) both actions involved the same parties or their privies. *Dart v. Dart*, 460 Mich. 573, 586 (1999). *Res judicata* applies broadly and precludes the litigation of claims that are identical to previously litigated issues, as well as those claims "arising out of the same transaction which plaintiff could have brought, but did not." *Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir. 1992).

Neither party contends that the parties' stipulated dismissal of the state court action constitutes a decision that was based on the merits of the case. However, there is a considerable dispute as to (1) whether Lintz could have raised her claims against Meyer & Njus in the state court action, and (2) if this law firm and Credit Adjustments were in privity during the alleged misconduct.

IV.

Turning to the first issue, Lintz, as a substantive matter, could have raised her federal claim in the first action because state courts share concurrent jurisdiction over this federal cause of action. 15 U.S.C. § 1692k(d). However, she submits that the laws of Michigan, which relate to a joinder of action, do not allow her to join this law firm as a counter-complaint defendant in the state court lawsuit, citing Michigan Court Rule 2.204(A)(1):

(A) When Defendant May Bring in Third Party.

> (1) Subject to the provisions of [Mich. Comp. Laws §] 500.3030, any time after commencement of an action, a defending party, as a third-party plaintiff, may serve a summons and complaint on a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of *the plaintiff's claim*. (emphasis added).

Lintz urges the Court to read this rule as meaning that a defending party - such as a third-

party plaintiff - may join another litigant to the dispute when the added party may be liable to the plaintiff in the original claim. In its defense, Meyer & Njus cite Michigan's permissive joinder rule, Michigan Court Rule 2.206(A)(2), which states the following:

(2) All persons may be joined in one action as defendants

(a) if there is asserted against them jointly, severally, or in the alternative, a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if a question of law or fact common to all of the defendants will arise in the action; or

(b) if their presence in the action will promote the convenient administration of justice.

The Court agrees with the interpretation of this Michigan law by Meyer & Njus. According to Michigan Court Rule 2.206(A)(2), a counter-plaintiff may join a counter-defendant who is allegedly responsible for the harms that she claims to have sustained. *Stone v. Williamson*, 2007 WL 1135686 at *6 (Mich. App.) (disallowing defendants, acting as third-party plaintiffs, to join alleged tortfeasor on appeal who could have been joined as third-party defendant at trial). Citing this rule, the Michigan Supreme Court has stated that a plaintiff's failure to attempt to join a third-party defendant in an earlier case, which contains essentially the same facts, provides strong evidence that the plaintiff is employing "gamesmanship." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 692 n.11 (2004). This decision is clearly applicable to this case. As a result of the state court decision of dismissal and the parties' subsequent stipulations, (1) Meyer & Njus is precluded from participating in any action that was designed to collect the alleged indebtedness from Lintz, and (2) she cannot produce additional claims that were derived from the operative facts of the state court legal proceeding. To permit Lintz to do so under these circumstances would allow her to benefit from litigating one of her claims in a state court, and to preserve other issues for a subsequent lawsuit.

Under Michigan precedent, the primary inquiry that the Court must make is to determine if these two law suits at issue arose from the same core set of facts. *Adair v. State*, 470 Mich. 105, 121 (2004). Inasmuch as Lintz has not demonstrated that she (1) attempted to raise the claims which she seeks to assert against this movant or (2) was precluded from raising these issues, the prior decision by the state court must be given preclusive effect as it arises from the same transaction or occurrence. Lintz also contends that she would not have been able to bring the existing claims against Meyer & Njus as a third-party defendant because they did not "aris[e] out of the transaction . . . that is the subject matter of [her] claim . . . ." Michigan Court Rule 2.204(A)(3). Lintz attempts to distinguish the roles of the Defendants. She contends that Credit Adjustments was owed the alleged debt while Meyer & Njus, on their own, improperly handled the collection of the alleged debt. However, Lintz cannot escape the fact that the roles of both Defendants pertained to the same allegedly wrongful debt collection.

V.

In addressing the second issue, Lintz asserts that Meyer & Njus and Credit Adjustments were not in privity with the "same set of rights" with regard to the transactions in this dispute. *Howell v. Trucking & Excavating Co.*, 386 Mich. 37, 45 (1971).[3] She identifies two meaningful differences between the first and second litigations. First, Lintz says that the Fair Debt Collection Practices Act deals with different sets of rights than those that are found in the Michigan Occupational Code and the Michigan Debt Collection Practices Act. Second, it is her contention that those facts, which constitute the unlawful conduct by Meyer & Njus, and form the basis for her

---

[3] In *Howell,* the Michigan Supreme Court concluded that collateral estoppel - not *res judicata* - was impermissible where parties' interests were too attenuated. *Howell,* 386 Mich. at 44–45. Even if the current situation could be analogized to this case, Michigan courts have long included an exception to the mutuality requirement in principal-agent cases. *Braxton v. Litchalk*, 55 Mich. App. 708, 721 (1974).

claims in this federal court litigation, are "entirely different" from the facts that were at issue in the state court case.

Meyer & Njus argue in its opposition papers that, as the legal representative of Credit Adjustments in the state court litigation, it was in privity with the interests of its client as they relate to the transaction in question. In order to establish privity, the parties to the second action only need to be "substantially identical" to the parties in the original action. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 12 (2003). "A privy includes a person so identified in interest with another that he represents the same legal right, such as a principal to an agent, a master to a servant, or an indemnitor to an indemnitee." *Peterson,* 259 Mich. App. at 13. Privity is found when there is a substantial identity of interest, as well as "a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Phinisee v. Rogers*, 229 Mich. App. 547, 553–554 (1998). Attorneys are considered privies of their clients for the purposes of *res judicata*. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (for res judicata purposes privity extends to parties' attorneys); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (attorneys, who represent party in first case, are privies with that party in second case for purposes of *res judicata*).

VI.

The Court finds that Lintz's first argument (namely, that the issues at stake are different because this federal cause of action has been substituted for the state cause of action) must fail. She could have raised the federal claim in the state court under 15 U.S.C. § 1692k(d), but chose not to do so. Lintz also seems to contend that the rights at stake for Meyer & Njus are different from the rights at stake for Credit Adjustments. This argument also must fail. Both of these Defendants are alleged to have committed the same wrongdoing by seeking to obtain the payment of monies from

Lintz for a debt that she did not owe. Thus, they would face the same liability for the debt collection that had been jointly sought by them. Finally, she submits that the facts relating to Meyer & Njus are "entirely different" from those facts which pertain to Credit Adjustments' liability. She has not persuaded the Court that there is any legitimate basis for this argument.

VII.

After construing the complaint in a light most favorable to Lintz, and accepting her factual allegations as true, the Court concludes that there is no viable legal theory upon which relief may be granted to her under counts III and IV of the complaint in this case, both of which are barred by the doctrine of *res judicata*. For this reason, and for the reasons that have been set forth above, Meyer & Njus's motion to dismiss must be, and is, granted.

IT IS SO ORDERED.

Dated: March 28, 2008　　　　　　　　　　　　　s/ Julian Abele Cook, Jr.
　　Detroit, Michigan　　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 28, 2008.

　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　　Case Manager