UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONNA LINTZ,

                Plaintiff,                          Case number 07-11357

v.                                            Honorable Julian Abele Cook, Jr.

CREDIT ADJUSTMENTS, INC., MEYER & NJUS,
P.A., and DEBT RELIEF SPECIALISTS, LLC,

                Defendants.


ORDER

On March 28, 2007, the Plaintiff, Donna Lintz, filed a complaint[1] with this Court, seeking

to obtain damages from the Defendants, Credit Adjustments, Inc. ("Credit Adjustments"), the law

firm of Meyer & Njus, P.A. ("Meyer & Njus"), and Debt Relief Specialists, LLC ("Debt Relief"),

for their alleged unlawful debt collection practices against her. On August 17, 2007, two of the

Defendants, Credit Adjustments and Debt Relief, filed a motion under Fed. R. Civ. P. 12(b)(6)[2] in

which they seek the dismissal of counts I, II, V, V [sic] and VI of the complaint on the basis of the

*res judicata* doctrine.

For the reasons that have been set forth below, the Court will, and does, grant the motion

by the Defendants, Credit Adjustments and Debt Relief, to dismiss counts I, II, V, V [sic] and VI

---

[1]A reading of the complaint reveals that Lintz has raised two claims against Credit
Adjustments (counts I and II) and three claims against Debt Relief (counts V, V [sic], and VI).
However, it appears that she errantly numbered the counts, in such a manner that two "count V"
claims exist. Furthermore, it should be noted that the duplicate names reflect substantively
different claims.

[2]Fed. R. Civ. P. 12(b)(6) states, in pertinent part, the following: "[A] party may assert the
following defenses by motion: failure to state a claim upon which relief can be granted."

of the complaint.[3]

## I

On June 23, 2006, Credit Adjustments, while acting as the plaintiff in a state court (District Court 41B in Clinton Township, Michigan) lawsuit, sued Donna Lintz in an effort to collect monies (to wit, $5,675.36) that were allegedly due and owing on a credit account. According to the Defendants, Debt Relief had previously assigned its right to collect the debt - but not its ownership of the debt - to Credit Adjustments. During the following month (July 13, 2006), Lintz filed a motion to dismiss, contending that Credit Adjustments did not have any standing to sue her. On the same date, she also filed a counter-complaint against Credit Adjustments, pointing to its alleged violations of the Michigan Occupational Code and the Michigan Debt Collection Practices Act in support of her claims. Lintz's motion was granted and, thereafter, the state court dismissed Credit Adjustments' lawsuit with prejudice. On December 7, 2006, these two parties reached an accord, in which they jointly agreed to a (1) stipulated dismissal of the complaint, (2) dismissal of the counter-complaint, (3) waiver by Credit Adjustments of its right to appeal the adverse decision by the state court, and (4) payment of Lintz's costs. However, it should be noted that the parties' stipulated dismissal did not make reference to the reservation of any federal claims by Lintz.

## II.

In her complaint before this Court, Lintz contends that the Defendants initiated the state court case against her with full knowledge that she was not the actual debtor on the claimed overdue account. She also claims that the Defendants, in their effort to collect this debt, violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, when they (1) failed to comply with the minimum notice provisions within the "Validation of Debts" section

---

[3]The Court dismissed counts III and IV in an order on March 28, 2008.

of 18 U.S.C. §1692(g), (2) made a "false representation of . . . the character, amount, or legal status of [the] debt," as mandated by 15 U.S.C. §1692(e)(2), (3) were dishonest by using "false representation[s] or deceptive means to collect or attempt to collect [the] debt or to obtain information concerning [her]," contrary to 15 U.S.C. § 1692(e)(10), and (4) adopted a method of collecting the debt which was "unfair or unconscionable" and lacked an "express[] [contractual] authorization," in violation of 15 U.S.C. § 1692(f). She also points to Mich. Comp. Laws § 339.901(b) which, in her opinion, demonstrates that all of the Defendants acted as a "collection agency" by their collective acts of fraud and misrepresentation.[4]

The moving parties, Credit Adjustments and Debt Relief, acknowledge that they participated in the original complaint, but deny Lintz's allegations of fraud against her. Moreover, these movants contend that Lintz's allegations of wrongdoing have been resolved, noting that she and Credit Adjustments amicably settled their differences in December 2006. Debt Relief also maintains that it had only acted as an agent of Credit Adjustments and, therefore, warrants the same level of protection as its principal under the *res judicata* doctrine.

### III.

When evaluating a litigant's motion to dismiss, a court is obliged to (1) construe the complaint in the light that is most favorable to the non-moving party, (2) accept its factual allegations as true, and (3) seek to determine if the opposition party has set forth a sufficiency of

---

[4] In making this argument, Lintz relies upon a clause within her state court counter-claim wherein she "reserve[d] her right to file a claim in Federal Court for violations of federal law arising out of transactions and occurrences set forth herein." (Demand for Jury Trial, *Credit Adjustments, Inc. v. Donna Lintz*, No. 06-2873GC (Mich. Dist. Ct. 41B, July 13, 2006)). According to Lintz, this statement preserved her right to make a claim of any violation of a federal law in a federal court even though she and Credit Adjustments may have reached an agreement in which they stipulated to the dismissal of her counter-claims with prejudice.

facts upon which to support the material allegations in the complaint. *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 443 (6th Cir. 2007). In order to survive a motion to dismiss, a claim "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* at 444.

The viability of Lintz's motion rests upon the preclusive effect, if any, of the state court case in which she was a litigant. Federal courts must give the same preclusive effect to state court judgments that those final decisions would have in a state court environment. *Migra v. Warren City Sch. Bd. of Ed. et al.*, 465 U.S. 75, 80–81 (1984). Under Michigan law, the doctrine of *res judicata* precludes the litigation of a claim in a subsequent action if (1) the first lawsuit was decided on the merits; (2) the issues in the second litigation were resolved, or could have been resolved, in the first action; and (3) both cases involved the same parties or their privies. *Dart v. Dart*, 460 Mich. 573, 586 (1999). The doctrine of *res judicata* applies broadly and precludes the litigation of those claims that are identical to previously litigated issues, as well as those claims "arising out of the same transaction which plaintiff could have brought, but did not." *Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir. 1992).

Neither party contends that the parties' stipulated dismissal of the state court action constitutes a decision that was based on the merits of the case. However, there is a considerable dispute among the parties as to (1) whether the stipulated dismissal of the counter-complaint in the state court extinguished Lintz's federal causes of action, (2) whether she could have raised her claims against Debt Relief in the state court action, and (3) whether this Defendant is entitled to rely upon the preclusive effect of the referenced stipulation when raising a defense of collateral estoppel.

IV.

As to the application of *res judicata* doctrine to Credit Adjustments, Lintz acknowledges that all three prongs of the *Dart* test have been satisfied. The parties' stipulation to dismiss the counter-complaint with prejudice qualifies as having been resolved "on the merits." *Limback v. Oakland County Rd. Comm.*, 573 N.W.2d 336, 340 (Mich. Ct. App. 1997). The federal claims could have been brought in the state court inasmuch as concurrent jurisdiction had been granted by Congress at the time of the litigation. 15 U.S.C. § 1692k(d). Credit Adjustments and Lintz were both parties to the state court suit. "A party in this connection is one who is 'directly interested in the subject matter, and had a right to make [a] defense, or to control the proceedings, and to appeal from the judgment.'" *Howell v. Vito's Trucking & Excavating Co.*, 191 N.W.2d 313, 315 (Mich. 1971). Both of these parties had these litigation powers at the state court proceeding. However, Lintz claims that Credit Adjustments impliedly acquiesced to claim-splitting when it failed to demand a joinder of the federal and state claims during the state court proceeding. She argues that Credit Adjustments was required to file such pleadings as may have been necessary in an effort to compel a joinder of her federal claims at the state court level in order to raise a defense of *res judicata* at this time.

The Sixth Circuit Court of Appeals does recognize the right of parties to agree to splitting related claims between the federal and state courts. *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (1998). On the other hand, it is far from clear that Credit Adjustments and Lintz ever agreed to such a split. In fact, the language of the dismissal leads this Court to find the contrary. The stipulation states, "Ms. Lintz dismisses *her claim in this matter* against Credit Adjustments, Inc. with prejudice." (Stipulated Order of Dismissal, *Credit Adjustments, Inc. v. Donna Lintz*, No. 06-2873GC (Mich. Dist. Ct. 41B, Dec. 7, 2006)) (emphasis added). The stipulated order of dismissal neither distinguishes nor attempts to distinguish between the different types of claims. Moreover, it fails

to mention or make any reference to the reservation of any federal claims for a later suit.

V.

Turning to Lintz's arguments against Debt Relief, she, as a substantive matter, could have

raised her federal claim in the first lawsuit because our state courts share concurrent jurisdiction

over this federal cause of action.  15 U.S.C. § 1692k(d).  However, it is Lintz's contention that the

laws of  Michigan, which pertain to joinder of action issues, did not allow her to join Debt Relief

as a counter-complaint defendant in the state court lawsuit, citing Mich. Ct. R. 2.204(A)(1):

(A) When Defendant May Bring in Third Party.

> (1) Subject to the provisions of [Mich. Comp. Laws §] 500.3030,
> any time after commencement of an action, a defending party, as a
> third-party plaintiff, may serve a summons and complaint on a
> person not a party to the action who is or may be liable to the third-
> party plaintiff for all or part of *the plaintiff's claim*.  (emphasis
> added).

Lintz urges the Court to read this rule as meaning that a defending party - such as a third-

party plaintiff - may join another litigant to the dispute when the added party may be liable to the

plaintiff in the original claim.   However, Michigan's permissive joinder rule, Mich. Ct. R.

2.206(A)(2), states the following:

(2) All persons may be joined in one action as defendants

> (a) if there is asserted against them jointly, severally, or in the
> alternative, a right to relief in respect of or arising out of the same
> transaction, occurrence, or series of transactions or occurrences and
> if a question of law or fact common to all of the defendants will
> arise in the action; or

> (b) if their presence in the action will promote the convenient
> administration of justice.

The Court agrees with the interpretation of this Michigan law by Debt Relief.  According

to Mich. Ct. R. 2.206(A)(2), a counter-plaintiff may join a counter-defendant who is allegedly

responsible for the harms that have allegedly been sustained. *Stone v. Williamson*, 2007 WL 1135686 at *6 (Mich. App.) (disallowing defendants, acting as third-party plaintiffs, to join alleged tortfeasor on appeal who could have been joined as third-party defendant at trial). Citing this rule, the Michigan Supreme Court has stated that a plaintiff's failure to attempt to join a third-party defendant in an earlier case, which contains essentially the same facts, provides strong evidence that the plaintiff is employing "gamesmanship." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 692 n.11 (2004). This decision is clearly applicable to this case. As a result of the state court decision of dismissal and the parties' subsequent stipulations, (1) Debt Relief is precluded from participating in any action that was designed to collect the alleged indebtedness from Lintz, and (2) Lintz cannot produce additional claims that were derived from the operative facts of the state court legal proceeding. To permit Lintz to do so under these circumstances would allow her to benefit from litigating one of her claims in a state court, and, at the same time, to preserve other issues for a subsequent lawsuit.

Under Michigan precedent, the primary inquiry that the Court must make is to determine if these two lawsuits at issue arose from the same core set of facts. *Adair v. State*, 470 Mich. 105, 121 (2004). Inasmuch as there is no evidence that Lintz (1) attempted to raise the claims which she now seeks to assert against this movant or (2) was precluded from raising these issues, the prior decision by the state court must be given preclusive effect as it arises from the same transaction or occurrence.

Lintz also contends that she would not have been able to bring the existing claims against Debt Relief as a third-party defendant because they did not "aris[e] out of the transaction . . . that is the subject matter of [her] claim . . . ." Mich. Ct. R. 2.204(A)(3). Lintz attempts to distinguish the roles of the Defendants by contending that Credit Adjustments was only in privity with Debt

Relief on an "unrelated matter." This assertion contradicts the premise of her case, which holds that Debt Relief had a strong relationship to the debt collection practices by Credit Adjustments. Lintz cannot escape the fact that the roles of both Defendants arose from the same allegedly wrongful debt collection.

VI.

In addressing the ability of Debt Relief to raise a *res judicata* defense by reference to Credit Adjustments, Lintz maintains that Debt Relief and Credit Adjustments were not in privity with the "same set of rights" regarding the transactions in this dispute. *Howell v. Trucking & Excavating Co.*, 191 N.W.2d 313, 317 (Mich. 1971).[5] She identifies two meaningful differences between the first and second litigations. First, Lintz asserts that the Fair Debt Collection Practices Act deals with a different set of rights than those that are found in the Michigan Occupational Code and the Michigan Debt Collection Practices Act. Second, it is her contention that those facts, which constitute the alleged unlawful conduct by Debt Relief, and form the basis for her claims in this federal court litigation, are "entirely different" from the facts that were at issue in the state court action.

Debt Relief argues in its opposition papers that, as the assignor of the debt to Credit Adjustments, it was in privity with the interest of its assignee as it relates to the transaction in question. In order to establish privity, the parties to the second action need only be "substantially identical" to the litigants in the original lawsuit. *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351, 359 (Mich. Ct. App. 2003). "A privy includes a person so identified in interest with

---

[5] In *Howell,* the Michigan Supreme Court concluded that collateral estoppel - not *res judicata* - was impermissible where parties' interests were too attenuated. *Howell,* 191 N.W.2d 316. Even if the current situation could be analogized to *Howell,* Michigan courts have long included an exception to the mutuality requirement in principal-agent cases. *Braxton v. Litchalk*, 223 N.W.2d 316, 322 (Mich. Ct. App. 1974).

another that he represents the same legal right, such as a principal to an agent, a master to a servant, or an indemnitor to an indemnitee." *Peterson,* 672 N.W.2d at 359. Privity is found when there is a substantial identity of interest, as well as "a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Phinisee v. Rogers*, 582 N.W.2d 852, 854 (Mich. Ct. App. 1998). Michigan law considers an assignee to be in privity with its assignor for the purpose of *res judicata*. *Moskalik v. Hilsinger*, 2005 WL 1460189, at *2 (Mich. Ct. App.).

## VII.

The Court finds that Lintz's first argument (namely, that the stipulation to dismiss with prejudice embodied an acquiescence by the Defendants in splitting the federal and state causes of action) must fail. The language of the stipulation guides the reasoning by this Court which, in turn, does not permit any interpretation that the previous reservation by Lintz of her federal claims survived the dismissal. She could have raised the federal claim in the state court under 15 U.S.C. § 1692k(d), but chose not to do so. Lintz also seems to contend that the rights at stake for Debt Relief in this lawsuit are different from the rights at stake for Credit Adjustments. This argument also must fail. Both of these Defendants are alleged to have committed the same wrongdoing by seeking to obtain the payment of monies from Lintz for a debt that she did not owe. Thus, they would face the same liability for the debt collection that had been jointly sought by them.

Finally, Lintz submits that those facts which are applicable to Debt Relief are "entirely different" from the facts pertaining to Credit Adjustments' liability. She has not persuaded the Court that there is any legitimate basis for this argument.

## VIII.

After construing the complaint in a light most favorable to Lintz, and accepting her factual allegations as true, the Court concludes that there is no viable legal theory upon which relief may be granted to her under counts I, II, V, V [sic] and VI of the complaint in this case, all of which are barred by the doctrine of *res judicata.*[6]  For this reason, and for the reasons that have been set forth above, Credit Adjustments' and Debt Relief's  motion to dismiss must be, and is, granted.

IT IS SO ORDERED.

Dated: <u>March 31, 2008</u>

Detroit, Michigan

<u>s/ Julian Abele Cook, Jr.</u>

JULIAN ABELE COOK, JR.

United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2008.

<u>s/ Kay Alford</u>

Case Manager

---

[6] In tandem with the March 28, 2008 order of the Court, in which counts III and IV of the complaint were dismissed, all of Lintz's claims in this matter have now been dismissed.